1    Matthew J. O'Connor (SBN 203334)
     O'CONNOR LAW
2    A Professional Corporation
     420 West Broadway, 29th Floor
3    San Diego, CA  92101
     Telephone: 619.398.4764
4    Facsimile: 619.756.6991

5    Steven L. Woodrow
     (swoodrow@woodrowpeluso.com)*
6    Patrick H. Peluso
     (ppeluso@woodrowpeluso.com)*
7    Woodrow & Peluso, LLC
     3900 East Mexico Ave., Suite 300
8    Denver, Colorado 80210
     Telephone: (720) 213-0675
9    Facsimile: (303) 927-0809

10    *Pro hac vice admission to be sought*

11    Attorneys for Plaintiff Nicole Zilveti and the Putative Class

12

13    **IN THE UNITED STATES DISTRICT COURT**
     **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
14    _____ **DIVISION**

15

| | |
|---|---|
| NICOLE ZILVETI, individually and on behalf of a class of similarly situated individuals, | Case No. C |
| Plaintiffs, | **PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | CLASS ACTION |
| GLOBAL MARKETING RESEARCH SERVICES, INC., a Florida corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Nicole Zilveti ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Global Marketing Research Services, Inc. ("GMRS") ("Defendant"), alleging that Defendant made repeated autodialed calls to the cell phones of consumers nationwide without their consent in violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff seeks to obtain redress and injunctive relief for all persons similarly situated and injured by the conduct of Defendant. Plaintiff alleges upon personal knowledge, information, and belief, including investigation conducted by her attorney, the following circumstances.

**NATURE OF THE ACTION**

1.      Defendant is in the business of conducting telephone surveys by making autodialed calls to thousands of consumers nationwide.

2.      To collect survey data, Defendant repeatedly makes autodialed telephone calls to the cell phones of Plaintiff and the other members of the putative Class without consent, all in violation of the TCPA.

3.      By making these autodialed calls, GMRS caused harm, including the aggravation and nuisance, as well as the invasion of privacy, that necessarily accompanies the receipt of repeated autodialed calls to Plaintiff and members of the Class as well as charges from their wireless carriers for the receipt of these autodialed calls to their cell phones. Plaintiff and Class members are also denied the full use and enjoyment of their cell phones as a result of Defendant's interfering calls.

4.      The TCPA was enacted to protect consumers from autodialed phone calls like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed telephone calling activities to cell phones as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorneys' fees.

**PARTIES**

5.      Plaintiff is a natural person over the age of eighteen (18) and a citizen of the State of California.

6.      Defendant GMRS is a Florida corporation with a principal place of business located at 1507 Aurora Road, Suite C, Melbourne, FL.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to

Plaintiff's Class Action Complaint
Case No.

28 U.S.C. § 1331 because her TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

8.      This Court has personal jurisdiction over Defendant GMRS because Defendant committed tortious acts in California and Defendant calls consumers in this District.

9.      Venue is proper because Defendant does business in this District and the causes of action arose, in substantial part, in this District. Additionally, Plaintiff resides in this District.

**COMMON FACTUAL ALLEGATIONS**

10.      Defendant does business as a telephone research service company that conducts telephone surveys for business and political purposes using widespread telephone survey campaigns through their autodialer on a broad range of topics from local issues, national questions, medical surveys, retail preferences, and more.

11.      In placing the calls which form the basis of this Complaint, Defendant utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

12.      In fact, Defendant GMRS boasts on its website that:

> GMRS currently has a phone room with a total of 206 stations all with predictive capabilities…Our dialing system, upgraded in 2011, features full predictive capabilities on every line…this capacity enables us to perform nearly 4 million digitized (30 second) calls per day." [1]

13.      When placing these calls to consumers, Defendant fails to get the consent of cell phone owners/users to make such calls required by the TCPA.

14.      Defendant GMRS's website states that, "we also have extensive experience dialing

_____

[1] *See* http://www.polling.net/technology/

Plaintiff's Class Action Complaint
Case No.

1  from RDD samples [random digit dialing]."[2]

2    15.    While this "random dialing" method of collecting survey responses may be within

3  the letter of the law for calls placed to landline ("wireline") telephones, the same calls to cell

4  ("wireless") phones are specifically not permitted without some form or prior express consent. As

5  explained by the Federal Communications Commission ("FCC") in its 2012 order:

6    Additionally, we note that many commenters expressed concern about obtaining
   written consent for certain types of autodialed or prerecorded calls, including debt
7    collection calls, airline notification calls, bank account fraud alerts, school and
   university notifications, research or survey calls, and wireless usage notifications.
8    Again, such calls, to the extent that they do not contain telemarketing messages,
   would not require any consent when made to residential wireline consumers, but
9    *require either written or oral consent if made to wireless consumers* and other
   specified recipients.[3] [Emphasis added].
10

11    16.    Defendant has no prior express consent (oral or written) to make these autodialed

12  survey calls to cell phone numbers. On information and belief, either GMRS or its clients on

13  whose behalf and for whose joint benefit GMRS makes its calls, obtained phone numbers from

14  voter registration rolls and then placed auto-dialed and/or pre-recorded calls to such cell phone

15  numbers. This is not express consent for GMRS to call the consumer. Further, GMRS has

16  claimed that it obtained "ratified" consent from persons who it called who actually participated in

17  its surveys. Such consent, to the extent GMRS could ever show it was obtained, is not *prior*

18  express consent as the TCPA requires. Rather, any such ratification occurred after the fact, not

19  prior to the making of the call as the TCPA plainly requires.

20    17.    Consumer complaints about Defendant's invasive and repetitive calls are legion.

21  For example, a single online complaint board has twenty-eight pages of complaints

22  (approximately 560 complaints) from consumers receiving unwanted and repeated calls from

23  Defendant.[4] Some examples from those consumer complaints follow:

24  _____

25  [2] *See* http://www.polling.net/businessandconsumer/

26  [3] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act
   of 1991, FCC 12-21, CG Dkt. 02-278.

27  [4] *See* http://800notes.com/Phone.aspx/1-800-251-5850

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-       I've been getting calls from 1-800-251-5850. This is happening 5 or 6 times a day. I was not answering, then decided maybe if I answer they would stop calling. No one is on the line when I answer. Can I do anything about this?

-       Over a dozen calls the past few days, how these guys have not been shut down            by            now            is            amazing.

-       Constant calls   do not answer them   they keep calling back   Even call after   9   pm   !!   Daily   annoying   persistent   !!!

-       this number calls my home and cell 5+ times per day.  Going to give them an earful on the next call.  I've had it!!!!!!!!!!  No one is ever there when I pick up to give 'em hell.  Today will be the day.  Today is Sunday 3pm and I've had 3 calls at home and 3 on the cell.  Best of luck to the rest of you fighting this number too.

-       THIS PHONE CALLS MY CELL PHONE CONTSANLY AND I AM TIRED OF IT, THEY CLAIM THEY ARE A MARKETING RESEARCH AND ARE NOT SUJECT TO THE DO NOT CALL, THATS A BUNCH OF CRAP, LET ME CATCH THE FRICKING CALL AND I WILL LIGHT THEIR A***S UP, BECAUSE THEY ARE COSTING ME MONEYN BECAUSE THE CALL IS FROM A LAND LINE AT A BUSINESS, I GET CHARGED BY MY CELL PHONE COMPANY FOR CALLS AS THESE, THEY NEED TO STOP CALLING ME NOW!

18.     Defendant thus has knowledge that it has placed telephone calls to the cell phones of consumers without consent and in the face of hundreds of consumer complaints.

**ALLEGATIONS SPECIFIC TO PLAINTIFF ZILVETI**

19.     Starting in or around August 4, 2014, Plaintiff began receiving multiple calls per day on her cell phone from the phone number (800) 251-5850.

20.     Initially, Plaintiff tried to answer these calls. When she would answer the calls, she would wait on the line to greet the caller but no one would come onto the line, even after Plaintiff would answer hello multiple times.  This occurred several more times until Plaintiff finally called the number back and heard the pre-recorded voicemail which identified that the calls were being made by a survey company.

21.      Over a week's period, Plaintiff received no less than six unsolicited calls from (800) 251-5850.

**CLASS ACTION ALLEGATIONS**

22.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of herself as well as the class ("Class") defined as:

Plaintiff's Class Action Complaint
Case No.

All individuals in California (1) to whom GMRS made a telephone call; (2) on his or her cell phone; (3) from the phone number 800-251-5850 or a different number owned or controlled by GMRS, and (4) for whom GMRS procured any oral or written consent to be called in the same way GMRS claims it obtained oral or written consent to contact the Plaintiff.

The following people are excluded from the Class: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Counsel for Zilveti or GMRS..

23.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed calls to thousands of consumers who fall into the definition of this Class. Members of the Class can be easily identified through Defendant's records.

24.     **Commonality and Predominance**: Many questions of law and fact are common to the claims of Plaintiff and the Class. Those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to, the following:

(a)     Whether Defendant's calls violated the TCPA,

(b)     Whether Defendant systematically made telephone calls to members of the Class without first obtaining prior express oral or written consent to make the calls,

(c)     Whether GMRS used an ATDS,

(d)     Whether GMRS's consent defense of ratified consent violates the TCPA, and

(e)     Such additional issues as may be identified through discovery.

25.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. She has retained counsel who is competent and experienced in

1    class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no

2    defenses unique to Plaintiff. Further, Plaintiff and her counsel are committed to vigorously

3    prosecuting this action on behalf of the members of the Class, and have the financial resources to

4    do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

5            26.    **Appropriateness**: This class action is also appropriate for certification because

6    Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole,

7    thereby requiring this Court's imposition of uniform relief to ensure compatible standards of

8    conduct toward the members of the Class and making final class-wide injunctive relief

9    appropriate. Defendant's business practices apply to and affect the members of the Class

10   uniformly. Plaintiff's challenge of those practices hinges on the conduct of Defendant with

11   respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the

12   damages suffered by individual members of the Class will likely be small relative to the burden

13   and expense of individual prosecution of the complex litigation necessitated by Defendant's

14   actions. Thus, it would be virtually impossible for the members of the Class to obtain effective

15   relief from Defendant's misconduct on an individual basis. A class action provides the benefits of

16   single adjudication, economies of scale, and comprehensive supervision by a single court.

17   Economies of time, effort, and expense will be fostered and uniformity of decisions will be

18   ensured.

19                                    **COUNT ONE**
                                **Violation of 47 U.S.C. § 227**
20                           **(On behalf of Plaintiff and the Class)**

21           27.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth

22   herein.

23           28.    Defendant made autodialed telephone calls to cell phone numbers belonging to

24   Plaintiff and other members of the Class without prior express oral or written consent to receive

25   such calls.

26           29.    Defendant made the telephone calls using equipment that had the capacity to store

27   or produce telephone numbers using a random or sequential number generator, to receive and

28   store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

Plaintiff's Class Action Complaint
Case No.

When making such calls, GMRS disseminated information to thousands of class members in a manner that violated each class member's privacy rights and interfered with each class member's use and enjoyment of their cell phones.

30.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Alternatively, Defendant used a pre-recorded voice.

31.     By making the unsolicited telephone calls to Plaintiff and the Class members' cell phones without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant  violated 47 U.S.C. § 227(b)(1)(A)(iii).

32.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class are each entitled to Five Hundred Dollars ($500.00) in damages for each such violation of the TCPA.

**COUNT TWO**
**Willful Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

33.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

34.     Defendant made autodialed telephone calls to cell phone numbers belonging to Plaintiff and other members of the Class without prior express oral or written consent to receive such calls.

35.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. When making such calls, GMRS disseminated information to thousands of class members.

36.     The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Alternatively, Defendant used a pre-recorded voice.

37.     By making the unsolicited telephone calls to Plaintiff and the Class members' cell phones without their prior express consent, and by utilizing an automatic telephone dialing

system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

38.     Defendant received or is aware of hundreds of complaints regarding its calls. Defendant has also received hundreds of requests that the calls stop.

39.     Defendant also was aware that its calls were made without prior express consent.

40.     As such, to the extent a trier of fact determines that GMRS made its calls wilfully, Plaintiff and the members of the Class are each entitled to damages of up to One Thousand Five Hundred Dollars ($1,500.00) in for each such violation of the TCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zilveti individually and on behalf of the putative Class, prays for an Order:

1.     Certifying the Class;

2.     Appointing Plaintiff as the representative of the Class;

3.     Appointing the undersigned counsel as counsel for the Class;

4.     Declaring that Defendant and/or their affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

5.     Enjoining Defendant and/or their affiliates, agents, and/or other related entities as provided by law, from engaging in the unlawful conduct set forth herein;

6.     Awarding Plaintiff and the Class statutory and exemplary damages as allowed by law;

7.     Awarding Plaintiff and the Class attorney's fees and costs, all allowed by law and/or equity;

8.     Permitting Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

9.     Granting such other and further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Plaintiff's Class Action Complaint
Case No.

Dated: June 4, 2015

Respectfully submitted,

NICOLE ZILVETI, individually and on behalf of a class of similarly situated individuals

By: ___/s/ Matthew J. O'Connor_____
One of Plaintiffs' Attorneys

Matthew J. O'Connor (SBN 203334)
O'CONNOR LAW
A Professional Corporation
420 West Broadway, 29th Floor
San Diego, CA  92101
Telephone: 619.398.4764
Facsimile: 619.756.6991

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

       *Pro Hac Vice admission to be filed

Plaintiff's Class Action Complaint
Case No.