1   Matthew J. O'Connor (SBN 203334)
    O'CONNOR LAW
2   A Professional Corporation
    420 West Broadway, 29th Floor
3   San Diego, CA  92101
    Telephone: 619.398.4764
4   Facsimile: 619.756.6991

5   Steven L. Woodrow
    (swoodrow@woodrowpeluso.com)*
6   Patrick H. Peluso
    (ppeluso@woodrowpeluso.com)*
7   Woodrow & Peluso, LLC
    3900 East Mexico Ave., Suite 300
8   Denver, Colorado 80210
    Telephone: (720) 213-0675
9   Facsimile: (303) 927-0809

10  *Pro hac vice admission to be sought

11  Attorneys for Plaintiff Nicole Zilveti and the Putative Class

12

13              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
14                     OAKLAND DIVISION

15

16  NICOLE ZILVETI, individually and on        ) Case No. 4:15-cv-02494-KAW
    behalf of a class of similarly situated    )
17  individuals,                               )
                                               ) PLAINTIFF'S INITIAL MOTION FOR
18              Plaintiffs,                     ) CLASS CERTIFICATON AND
                                               ) MEMORANDUM OF POINTS AND
19  v.                                         ) AUTHORITIES IN SUPPORT
                                               )
20  GLOBAL MARKETING RESEARCH         ) Magistrate Judge Kandis A. Westmore
    SERVICES, INC., a Florida corporation,     )
21                                             ) Hearing Date: July 16, 2015
                Defendant.                      ) Hearing Time: 11:00 a.m.
22                                             ) Courtroom:  Oakland Courthouse
                                               )             1301 Clay Street
23                                             )             Oakland, CA 94612

24

25

26

27

28

1

2      TO THE ABOVE CAPTION COURT AND TO THE DEFENDANT AND ITS

3   COUNSEL:

4      PLEASE TAKE NOTICE that on July 16, 2015 at 11:00 a.m., or as soon thereafter as

5   counsel may be heard, in the Oakland Courthouse, located at 1301 Clay Street, Oakland,

6   California 94612, Plaintiff Nicole Zilveti will and hereby does move for an order certifying the

7   class as pled in her Complaint, but requests that the Court enter and continue the instant motion

8   until after the completion of discovery on class-wide issues, at which time Plaintiff will submit a

9   more fulsome memorandum of points and authorities in support of class certification.

10      This motion is based upon the Memorandum of Points and Authorities in Support, and all

11   other pleadings on file or deemed to be on file in this action, those matters of which this Court

12   may take judicial notice, and upon the oral arguments of counsel made at the hearing on this

13   motion.

14      DATED: June 5, 2015

15                                                    Respectfully submitted,

16                                                    NICOLE ZILVETI,
                                                     individually and on behalf of a class of
17                                                    similarly situated individuals

18
                                                     By:____/s/ Matthew J. O'Connor_____
19                                                          One of Plaintiffs' Attorneys

20   Matthew J. O'Connor (SBN 203334)
     O'CONNOR LAW
21   A Professional Corporation
     420 West Broadway, 29th Floor
22   San Diego, CA  92101
     Telephone: 619.398.4764
23   Facsimile: 619.756.6991

24   Steven L. Woodrow
     (swoodrow@woodrowpeluso.com)*
25   Patrick H. Peluso
     (ppeluso@woodrowpeluso.com)*
26   Woodrow & Peluso, LLC
     3900 East Mexico Ave., Suite 300
27   Denver, Colorado 80210
     Telephone: (720) 213-0675
28   Facsimile: (303) 927-0809

Plaintiff's Initial Motion for Class Certification
Case No. 15-cv-02494-KAW

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ......................................................................................... ii

I.      **INTRODUCTION** ............................................................................................. 1

II.     **STATEMENT OF FACTS** ............................................................................. 2

  A. **Facts Applicable to Zilveti and All Members of the Putative Class** ............................ 2

  B. **The Proposed Class** ................................................................................. 3

III.    **ARGUMENT** ................................................................................................. 3

  A. **The Proposed Class is Ascertainable** ................................................................. 3

  B. **The Proposed Class Satisfies the Requirements of Rule 23(a)** ................................. 4

      *1.*    *The Class is Numerous.* ......................................................................... 4

      *2.*    *The Class Members Share Common Issues of Law and Fact* ........................... 5

      *3.*    *Zilveti's Claims and Defenses are Typical of the Claims or Defenses of the Proposed Class Members.* ................................................................... 7

      *4.*    *Zilveti and Her Counsel Are Adequate Representatives* ................................. 8

  C. **The Proposed Class Also Meets the Requirements of Rules 23(b)(2).** ....................... 9

  D. **The Proposed Class Also Meets the Requirements of Rule 23(b)(3)** ......................... 10

IV.   **CONCLUSION** ............................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**U.S. Supreme Court Cases**

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997).........................................................................................3, 11

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) .................................................................................3, 5, 10

**Court of Appeals Cases**

*Armstrong v. Davis,*
    275 F.3d 849 (9th Cir. 2001)....................................................................................7

*Damasco v. Clearwire Corp.,*
    662 F.3d 891 (7th Cir. 2011).....................................................................................1

*Gay v. Waiters' & Dairy Lunchmen's Union,*
    549 F.2d 1330 (9th Cir. 1977)..................................................................................4

*Gomez v. Campbell-Ewald Co.,*
    768 F.3d 871 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885
    (U.S. May 18, 2015).................................................................................................1

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998).....................................................................5, 7, 8, 10

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir.1992).....................................................................................7

*In re First Alliance Mortgage Co.,*
    471 F.3d 977 (9th Cir. 2006)....................................................................................5

*In re Wells Fargo Home Mortgage Overtime Pay Litig.,*
    571 F.3d 953 (9th Cir. 2009)..................................................................................10

*Meyer v. Portfolio Recovery Associates, LLC,*
    707 F.3d 1036 (9th Cir. 2012)..................................................................................6

*Soc. Servs. Union, Local 535 v. County of Santa Clara,*
    609 F.2d 944 (9th Cir. 1979)....................................................................................8

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003)....................................................................................7

*Valentino v. Carter-Wallace, Inc.,*
    97 F.3d 1227 (9th Cir. 1996)...........................................................................10, 11

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998).................................................................................9

*Wolin v. Jaguar Land Rover North Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010)..............................................................................11

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001) ..................3, 9, 11

**District Court Cases**

*Agne v. Papa John's Int'l, Inc.*,
    286 F.R.D. 559 (W.D. Wash. 2012) ......................................................................12

*Arnold v. United Artists Theatre Circuit, Inc.*,
    158 F.R.D. 439 (N.D. Cal. 1994)............................................................................7

*Bellows v. NCO Fin. Sys., Inc.*,
    No. 3:07-cv-01413(W-AJB), 2008 WL 4155361 (S.D. Cal. Sept. 5, 2008)............................11

*Barefield v. Chevron U.S.A., Inc.*,
    C 86-2427 TEH, 1987 WL 65054 (N.D. Cal. Sept. 9, 1987)...............................................7

*CE Design Ltd. v. Cy's Crabhouse N., Inc.*,
    259 F.R.D. 135 (N.D.Ill.2009) ............................................................................12

*Celano v. Marriott Int'l, Inc.*,
    242 F.R.D. 544 (N.D. Cal. 2007).............................................................................4

*City Select Auto Sales, Inc. v. David Randall Associates, Inc.*,
    296 F.R.D. 299 (D.N.J. 2013)..............................................................................12

*Edmonds v. Levine*,
    233 F.R.D. 638 (S.D. Fla. 2006) ...........................................................................5

*Gardner v. Shell Oil Co.*,
    C-09-5876-CW, 2011 WL 1522377 (N.D. Cal. Apr. 21, 2011) .......................................4

*Heastie v. Cmty. Bank of Greater Peoria*,
    125 F.R.D. 669 (N.D. Ill. 1989) ............................................................................5

*Hinman v. M & M Rental Ctr., Inc.*,
    545 F. Supp. 2d 802 (N.D. Ill. 2008) .....................................................................12

*Ikonen v. Hartz Mountain Corp.*,
    122 F.R.D. 258 (S.D. Cal. 1988)............................................................................4

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
    M 02-1486 PJH, 2006 WL 1530166 (N.D. Cal. June 5, 2006)...........................................8

*In re Rubber Chemicals Antitrust Litig.*,
　232 F.R.D. 346 (N.D. Cal. 2005) ..............................................................................4

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
　264 F.R.D. 603 (N.D. Cal. 2009) ..............................................................................5

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*,
　268 F.R.D. 604 (N.D. Cal. 2010) ..............................................................................3

*Kavu, Inc. v. Omnipak Corp.*,
　246 F.R.D. 642 (W.D. Wash. 2007) ...............................................................6, 11, 12

*Law Offices of Leonard I. Desser, P.C. v. Shamrock Commc'ns, Inc.*,
　No. JKB–12–2600, 2013 WL 2244811 (D.Md. May 21, 2013) .............................12

*Lee v. Stonebridge Life Ins. Co.*,
　289 F.R.D. 292 (N.D. Cal. 2013) ............................................................................12

*Lo v. Oxnard European Motors, LLC*,
　11-cv-1009(JLS), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) .......................7, 11

*Manno v. Healthcare Revenue Recovery Grp. LLC*,
　289 F.R.D. 674 (S.D. Fla. 2013) .............................................................................11

*Mazza v. Am. Honda Motor Co.*,
　254 F.R.D. 610 (C.D. Cal. 2008) ..............................................................................4

*Mitchem v. Illinois Collection Svc., Inc.*,
　271 F.R.D. 617 (N.D. Ill. 2011) ..............................................................................11

*O'Connor v. Boeing N. Am. Inc.*,
　180 F.R.D. 311 (C.D. Cal. 1998) ..............................................................................8

*Sanbrook v. Office Depot, Inc.*,
　C-07-05938RMW, 2009 WL 840020 (N.D. Cal. Mar. 30, 2009)..............................7

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*,
　279 F.R.D. 442 (N.D. Ohio 2012) ...........................................................................11

*Silbaugh v. Viking Magazine Serv.*,
　278 F.R.D. 389 (N.D. Ohio 2012) ..............................................................................6

*Vandervort v. Balboa Capital Corp.*,
　287 F.R.D. 554 (C.D. Cal. 2012) ............................................................................12

**Statutes and Rules**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ......................................... *passim*

Fed. R. Civ. P. 23 ................................................................................................... *passim*

**Other Authorities**

5 James Wm. Moore et al., Moore's Federal Practice (3d ed. 2001).....................................4

5 Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 24.25
    (3d ed. 1992) .............................................................................................................7

1    **I.      INTRODUCTION**

2         Plaintiff Nicole Zilveti ("Zilveti"), by and through her undersigned counsel, hereby

3    respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal

4    Rules of Civil Procedure 23(b)(2) and (b)(3) but requests that the Court enter and continue the

5    instant motion until after the completion of discovery on class-wide issues, at which time Plaintiff

6    will submit a more fulsome memorandum of points and authorities in support of class

7    certification.[1]

8         This matter satisfies Rule 23's requisites to class certification. Through a common course

9    of conduct, Defendant Global Marketing Research Services, Inc. ("GMRS") either itself or

10   through third parties collected cell phone numbers of potentially thousands of consumers and then

11   GMRS called those consumers' cell phones using an automatic dialing system to contact them

12   about surveys who have never consented to receive such calls. Through that conduct, GMRS not

13   only harassed each member of the putative Class but also repeatedly violated the Telephone

14   Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby entitling the recipients of the

15   unauthorized calls to statutory damages and injunctive relief.

16        GMRS made all of the calls in the same manner and without the prior express oral or

17   written consent of Zilveti or the other members of the Class. Likewise, the injuries suffered by

18   Zilveti and the members of the putative Class as a result of Defendant's conduct are nearly

19   identical. That is, each member of the putative Class was subjected to the aggravation and

20

21   _____

[1]      Plaintiff files this motion at the outset of the litigation to prevent Defendants from attempting a so-called "buy off" to moot her representative claims (*i.e.*, tendering to her the full amount of her individual damages alleged in the Complaint). *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."). While the law in this Circuit, as distinguished from the Seventh Circuit, generally rejects the need for such "placeholder" motions for class certification, on May 18, 2015 the United States Supreme Court granted certiorari in *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 874 (9th Cir. 2014) *cert. granted*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015), putting the current state of the law on this issue somewhat into question. As such, out of an abundance of caution Plaintiff files this placeholder motion and respectfully asks the Court to continue consideration of its merits until she has had an opportunity to conduct necessary discovery on class issues.

Plaintiff's Initial Motion for Class Certification                                                                      1
Case No. 15-cv-02494-KAW

nuisance that necessarily accompanies the receipt of unsolicited cell phone calls, thus entitling them to a nearly identical calculation of actual and statutory damages under the TCPA.

The proposed Class meets each of the prerequisites to certification under Federal Rules 23(b)(2) and (b)(3), and class certification should be granted. However, Zilveti anticipates that discovery will further support her motion for class certification, and respectfully requests that the Court (i) reserve ruling on her motion for class Certification; (ii) allow for and schedule discovery on class-wide issues; (iii) allow Zilveti to file a supplemental memorandum in support of her motion for class certification after class discovery has concluded; (iv) grant Zilveti's motion for class certification after full briefing of the issues; and (v) provide all other and further relief that the Court deems reasonable and just.

## II.      STATEMENT OF FACTS

### A.      Facts Applicable to Zilveti and All Members of the Putative Class.

On August 4, 2014 Zilveti began receiving unsolicited calls to her cell phone from the phone number (800) 251-5850, which is operated or controlled by GMRS or is used by GMRS to make its calls. Zilveti answered several of these calls, but when she would pick up the call, she would answer hello and no one would be on the other end of the line. Zilveti received multiple calls per day for the rest of the week, which was an annoyance and disruption to Zilveti and interfered with her use of her phone. GMRS made the calls, on either its own behalf or on behalf of third parties. With respect to California cell phone users, GMRS placed thousands of calls to residents' cell phones using an automatic dialing system and/or pre-recorded voice without the prior express consent of the consumer.

### B.      The Proposed Class

As a result of Defendant's conduct described above, Zilveti brought the instant lawsuit and now seeks certification of a class (the "Class") defined as:

> All individuals in California (1) to whom GMRS made a telephone call; (2) on his or her cell phone; (3) from the phone number 800-251-5850 or a different number owned or controlled by GMRS, and (4) for whom GMRS procured any oral or written consent to be called in the same way GMRS claims it obtained oral or written consent to contact the Plaintiff.

The following people are excluded from the Class: (1) Defendant, Defendant's agents,

subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current and former employees, officers, and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) the legal representatives, successors, or assigns of any such excluded person, and (5) Counsel for Zilveti or GMRS.

As demonstrated below, the proposed Class meets each of Rule 23's requirements for certification, and therefore, the Court should grant class certification.[2]

### III.    ARGUMENT

A party seeking certification bears the burden of showing that the class is ascertainable and meets each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b). *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th Cir. 2001).  Rule 23(a) enumerates four prerequisites for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.  Additionally, Rule 23(b)(3) requires that common questions or law or fact predominate on Zilveti's claims for damages, and that maintaining the suit as a class action is superior to other methods of adjudication. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). Rule 23(b)(2) allows for certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiffs must affirmatively demonstrate compliance with the Rule.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *see also In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 268 F.R.D. 604, 610 (N.D. Cal. 2010) (court must perform "rigorous analysis" as to whether Rule 23's requirements have been satisfied). The Class is certifiable here.

### A.    The Proposed Class is Ascertainable.

---

[2]    Plaintiff anticipates a potential need to revise the definition of the Class following a reasonable period for discovery; she respectfully requests, and reserves, the right to do so.

A class definition is sufficient if it is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 at *3 (N.D. Cal. Apr. 21, 2011); *see also* 5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria."). Objective criteria may include a defendant's business records. *See, e.g., Gardner*, 2011 WL 1522377 at *4; *Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617-18 (C.D. Cal. 2008).

This Court should find that membership in the class is ascertainable. This is because each requirement for class membership is entirely objective. Indeed, there is nothing subjective about whether GMRS made a call to a person's cellphone, whether the person is a California resident, and whether consent was obtained in the same way GMRS asserts it obtained consent to call Plaintiff. As such, the implicit requirement of ascertainability is met here.

## B.  The Class Satisfies the Requirements of Rule 23(a).

As shown below, the Class is sufficiently numerous, it shares common legal and factual issues, it features claims that are typical of the named plaintiff, and it is adequately represented by both the Plaintiffs and proposed Class counsel.

### 1.  The Class is numerous.

Numerosity is met when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no specific number required, nor is the plaintiff required to state the exact number of class members. *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007); *see also In re Rubber Chemicals Antitrust Litig.*, 232 F.R.D. 346, 350 (N.D. Cal. 2005) (court may make common sense assumptions about number of class members). Generally, numerosity is satisfied when the class comprises 40 or more members. *See id.* at 549; *see also Gay v. Waiters' & Dairy Lunchmen's Union*, 549 F.2d 1330, 1332-34 (9th Cir. 1977) (184 class members satisfies numerosity). *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("As a general rule, classes of 20 are too small, classes of 20-40 may or may not

be big enough depending on the circumstances of each case, and classes of 40 or more are numerous enough.").[3]

Here, Zilveti alleges—and discovery will show—that Defendants have made unlawful phone calls to thousands of individuals who fall into the definition of the Class. (Compl. ¶¶ 10-24). Numerosity is satisfied accordingly.

### 2.    The Class members share common issues of law and fact.

As the Supreme Court recently explained in *Dukes*, "What matters to class certification. . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. *Dukes*, 131 S. Ct. at 2551 (commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."); Rule 23(a)(2) commonality may be met by a single issue of law or fact. *In re First Alliance Mortgage Co*., 471 F.3d 977, 990-91 (9th Cir. 2006). The issues need not be identical.  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1019 (9th Cir. 1998). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 611 (N.D. Cal. 2009) (quoting *Hanlon*, 150 F. 3d at 1022). In this case, the litigation will generate common answers for the Class.

Here, Zilveti's and the Class's claims succeed or fail on same common contention: that GMRS's phone calls violated the TCPA because neither GMRS nor its business parties (on whose behalves GMRS made its calls) obtained prior express consent to make the calls. The

---

[3] *See also Edmonds v. Levine*, 233 F.R.D. 638, 640–41 (S.D. Fla. 2006) (finding that "[t]here is no question" that the numerosity requirement is satisfied when plaintiffs estimate a class consisting of "thousands"); *Heastie v. Cmty. Bank of Greater Peoria*, 125 F.R.D. 669, 674 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); *Newberg on Class Actions* § 3:5, 243 – 46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity requirement

TCPA prohibits the use of an "automatic telephone dialing system" or pre-recorded voice to place calls to cell phones without the "prior express consent" of the called party. See 47 U.S.C. § 227(b)(1)(A)(iii); *see also Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."). GMRS made the calls systematically and its conduct affected Zilveti and the members of the Class in a virtually identical manner (*i.e.*, subjecting them to the aggravation and nuisance associated with such calls in addition to interference with the use and enjoyment of their cell phones).

Moreover, GMRS's unlawful conduct will be proven through the use of common and generalized evidence applicable to each of the Class members as a whole because—as discovery will show—consent was obtained in the same manner, and in no case did GMRS obtain *prior* express consent. *Meyer,* 707 F.3d at 1042 (rejecting the defendant's argument that issues of individualized consent defeated commonality where defendant could "not show a single instance where express consent was given before the call was placed"); *see also Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) ("Omnipak alleges that it obtained all of the recipients' facsimile numbers from the Manufacturers' News database. Therefore, whether the recipients' inclusion in the Manufacturers' News database constitutes express permission to receive advertisements via facsimile is a common issue."); *Silbaugh v. Viking Magazine Serv.,* 278 F.R.D. 389, 394 (N.D. Ohio 2012).

As a result, the common factual issues for the Class include, but are not necessarily limited to, (i) whether the equipment Defendant used to make the unsolicited calls in question is an automatic telephone dialing system as defined by the TCPA, and (ii) whether Defendant or its third party marketers systematically made calls to persons who did not provide Defendant with their prior express consent to do so. And as will be shown at any eventual trial or hearing on the merits, these common factual questions lead to a common legal answer for the entire Class—that Defendant's conduct violates the TCPA. Accordingly, the commonality requirement is met as well.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> **3.    Zilveti's claims and defenses are typical of the claims or defenses of the proposed Class members.**

In addition to sharing common legal and factual issues, the Class meets Rule 23(a)'s requirement that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3); *Hanlon*, 150 F.3d at 1020; *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Typicality "does not mean that the claims of the class representative[s] must be identical or substantially identical to those of the absent class members." 5 HERBERT B. NEWBERG & ALBA CONTE, NEWBERG ON CLASS ACTIONS, § 24.25 (3d ed. 1992); *see also Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001). Rather, the named plaintiff's claims must be "reasonably coextensive" with absent class members' claims.  *Hanlon*, 150 F.3d at 1020; *Sanbrook v. Office Depot, Inc.*, C-07-05938RMW, 2009 WL 840020, at *4 (N.D. Cal. Mar. 30, 2009). The test is whether other class members have the same or similar injury and whether the action is based on conduct that is not unique to the named plaintiffs. *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir.1992) (internal quotation omitted); NEWBERG ON CLASS ACTIONS § 3:13 at 327. "A finding of commonality will ordinarily support a finding of typicality." *Barefield v. Chevron U.S.A., Inc.*, C 86-2427 TEH, 1987 WL 65054, *5 (N.D. Cal. Sept. 9, 1987).

Zilveti is a member of the Class. *See Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 449 (N.D. Cal. 1994) ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members."). Zilveti and the other members of the Class were each subjected to GMRS's common course of conduct. *See id.* ("[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members.") That is, they each received one or more unsolicited calls from Defendant even though they did not give GMRS prior express consent to call them. As a result of GMRS's conduct, Zilveti and the members of the Class suffered substantially similar harm from Defendants' calls, entitling them to nearly identical statutory damages provided by the TCPA. *See Lo v. Oxnard European Motors, LLC*, 11-cv-1009(JLS), 2011 WL 6300050, at *3 (S.D. Cal. Dec. 15, 2011) ("Here, the claims of the representative plaintiff allegedly arise out of the same set of

facts as those pertaining to the class members. Like the class members, Plaintiff sent to Defendant a text message requesting to opt out of receiving any further text messages from Defendant. And like the class members, Plaintiff later received from Defendant a confirmatory text message. Thus, Plaintiff and the class members assert the same violation of the TCPA arising from the confirmatory text messages sent by Defendant to Plaintiff and the class members."). By pursuing her own claims, Zilveti will necessarily advance the interests of the proposed Class in satisfaction of Rule 23(a)(3)'s typicality requirement.

Thus, typicality is satisfied for the Class.

### 4.      Zilveti and her Counsel are adequate representatives.

The final hurdle of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Both requirements are met.

First, Zilveti can adequately represent the Class. "[T]he adequacy requirement mandates that no conflicts of interest exist between the named plaintiffs and the absent class members." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, M 02-1486 PJH, 2006 WL 1530166, at *6 (N.D. Cal. June 5, 2006); *see also O'Connor v. Boeing N. Am. Inc.*, 180 F.R.D. 311, 375 (C.D. Cal. 1998) (stating that "only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status"). Adequacy is only defeated by actual conflicts. *Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948 (9th Cir. 1979). Zilveti has no actual conflicts with any of the proposed Class members and is committed to the case. Indeed, Zilveti has the same interests as the other members of the Class. She received unauthorized telephone calls from Defendant as a result of Defendant's uniform course of unlawful conduct. Therefore, like the other members of the Class, her interests lie in ensuring that Defendant's conduct does not continue in the future and that she and the other members of the Class recover the damages and injunctive relief to which they are entitled. Zilveti simply has no interests antagonistic to those of the Class.

Similarly, Zilveti's counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. Counsel are deeply familiar with the TCPA and have regularly engaged in major complex litigation involving the TCPA and consumer technology issues. Counsel also have the resources necessary to conduct litigation of this nature.

As such, both Zilveti and her counsel are more than adequate to represent the putative Class, and the final requisite to certification under Rule 23(a) is satisfied.

### C.      The Proposed Class Meets the Requirements of Rule 23(b)(2).

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Generally, where a court finds that the commonality requirement of Rule 23(a) is met, the court should also find that the plaintiff has satisfactorily alleged that the defendants acted on grounds generally applicable to the class.  In cases in which the defendants have acted in a manner generally applicable to the class, and the relief sought is predominantly injunctive in nature rather than essentially a claim for damages, the proposed class may be certified under Rule 23(b)(2). *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001).

Unlike Rule 23(b)(3), Rule 23(b)(2) does not require that common issues predominate or that a class action is a superior method for adjudicating the controversy. *See Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("We note that with respect to 23(b)(2) in particular, [defendant's] dogged focus on the factual differences among the class members appears to demonstrate a fundamental misunderstanding of the rule. Although common issues must predominate for class certification under Rule 23(b)(3), no such requirement exists under 23(b)(2). It is sufficient if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.").

There should be no question that Defendant acted on grounds generally applicable to the Class as a whole. Indeed, Defendant made virtually identical phone calls to Zilveti and each of

the other members of the putative Class without first obtaining their consent. Further, GMRS used the same automatic telephone dialing system to make the calls and obtained Zilveti's and the Class's phone numbers in the same unauthorized way—its conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is necessary to protect Zilveti and the other members of the Class from that conduct in the future.

Thus, the requirements of Rule 23(b)(2) are satisfied.

### D.   The Proposed Class Also Meets the Requirements of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

This case meets both of these requirements. The inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996); *see also In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009) ("Whether judicial economy will be served in a particular case turns on close scrutiny of 'the relationship between the common and individual issues.'") (quoting *Hanlon*, 150 F.3d at 1022)); *Dukes*, 131 S. Ct. at 2551–57.

In this case, the claims of Zilveti and the other members of the Class all arise from Defendant's standardized conduct of making unauthorized calls to their cell phones, using the same automatic telephone dialing equipment to do so, and having obtained their phone numbers through the same unauthorized means. Thus, the common questions described above predominate over any issues affecting only individual members of the Class (*e.g.*, the total number of calls received by each individual member of the Class). Moreover, the evidence necessary to prove Zilveti's and the Class's claims—including the content of the calls, the manner and means by which Defendant sent the calls, to what phone numbers they were sent, and how Defendant obtained those phone numbers—will come from within Defendant's own records.

The only claims at issue in this case—Defendant's violations of the TCPA—present

numerous common and predominant issues for the Class and are subject to generalized proofs. As such, the predominance requirement is also satisfied. *See, e.g.*, *Lo*, 2011 WL 6300050, at *3 ("Here, a common issue predominates over any individual issue—namely, whether the transmission and content of confirmatory text messages allegedly sent by Defendant to all class members violates the TCPA."); *Manno v. Healthcare Revenue Recovery Grp. LLC*, 289 F.R.D. 674, 690 (S.D. Fla. 2013) (certifying TCPA class action and stating: "contrary to Defendants' argument, the issue of consent does not predominate over the questions common to the class. Further, as explained above, the Defendants' other consent argument—that class members consented ipso facto during the admissions process—is not an individualized issue defeating predominance, but is itself a question/defense common to the class as a whole."); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442, 444 (N.D. Ohio 2012) (granting certification of class action alleging violations of the TCPA and stating that predominance was satisfied because "[defendant] faxed recipient numbers on [a] purchased database, the real question is the source of the numbers in that database."); *Mitchem v. Illinois Collection Svc., Inc.*, 271 F.R.D. 617, 618 (N.D. Ill. 2011) (finding predominance in certifying TCPA class action.); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 647 (W.D. Wash. 2007) (same).

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. The inquiry into whether the class action is the superior method for a particular case focuses on increased efficiency and economy.  *Zinser*, 253 F.3d at 1190; *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). Class actions are particularly appropriate when they allow plaintiffs with similar claims to jointly bear the cost of litigation. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights"); *Valentino*, 97 F.3d at 1234.

Courts have regularly ruled that a class action is a superior vehicle for resolving TCPA disputes. *See Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413(W-AJB), 2008 WL 4155361, at *8 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that "[t]he class action procedure is the

superior mechanism for dispute resolution in this matter. The alternative … would be costly and duplicative."); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292, 294 (N.D. Cal. 2013); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554, 563 (C.D. Cal. 2012); *City Select Auto Sales, Inc. v. David Randall Associates, Inc.*, 296 F.R.D. 299, 322 (D.N.J. 2013) ("The Court agrees that at least six main common questions will be addressed in this class action…."); *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 572 (W.D. Wash. 2012) ("For the foregoing reasons, Plaintiff's motion for class certification…is granted"); *CE Design Ltd. v. Cy's Crabhouse N., Inc.*, 259 F.R.D. 135, 143 (N.D.Ill.2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642, 651 (W.D.Wash.2007); *Law Offices of Leonard I. Desser, P.C. v. Shamrock Commc'ns, Inc.,* No. JKB–12–2600, 2013 WL 2244811 (D.Md. May 21, 2013) (granting motion to amend complaint to clarify allegations as to the purported class and denying motion to strike class allegations as premature); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008) ("For the reasons discussed below, I grant the motion and certify a class with a slightly revised definition.").

The instant class action is superior to other available methods for litigating Zilveti's and the other Class members' claims. Absent class treatment, each individual member of the Class would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

**IV.   CONCLUSION**

For the foregoing reasons, this Court should certify the proposed Class.

WHEREFORE, the Plaintiff, Nicole Zilveti, respectfully requests that this Honorable Court grant her Motion for Class Certification, certify the Class under Rules 23(b)(2) and

23(b)(3), appoint Zilveti as Class representative, appoint Steven Woodrow and Patrick Peluso of

Woodrow & Peluso, LLC and Matthew O'Connor of O'Connor Law Offices as class counsel, and

award such additional and further relief as this Court deems necessary and appropriate.

Dated: June 5, 2015

Respectfully submitted,

NICOLE ZILVETI,
individually and on behalf of a class of
similarly situated individuals

By:   /s/ Matthew J. O'Connor
One of Plaintiffs' Attorneys

Matthew J. O'Connor (SBN 203334)
O'CONNOR LAW
A Professional Corporation
420 West Broadway, 29th Floor
San Diego, CA  92101
Telephone: 619.398.4764
Facsimile: 619.756.6991

Steven L. Woodrow
(swoodrow@woodrowpeluso.com)*
Patrick H. Peluso
(ppeluso@woodrowpeluso.com)*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

1

## **CERTIFICATE OF SERVICE**

2

3
     I hereby certify that on June 5, 2015, I caused the foregoing *Plaintiffs' Initial Motion for*

4
*Class Certification and Memorandum of Points and Authorities in Support* to be served

5
concurrently with the Complaint in this matter via process server.

6
Dated: June 2, 2015

7

8
                  By:    /s/ Matthew J. O'Connor

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Initial Motion for Class Certification
Case No.